UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA RITCHIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:09-CV-1947 CAS |
| v. | ) |
| | ) |
| ST. LOUIS JEWISH LIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants St. Louis Jewish Light and Larry Levin's Motion to Dismiss plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff Lisa Ritchie opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion to dismiss.

**Background**

Plaintiff Lisa Ritchie filed this one-count action alleging retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 215(a)(3). Plaintiff alleges that she was employed by defendant St. Louis Jewish Light ("Light") between February 2002 and September 2009. Defendant Levin is the chief executive officer of Light. The complaint alleges that beginning in May or June of 2009, plaintiff was asked to perform work that had formerly been performed by two employees, and that Levin asked her to perform the work without recording overtime. The work required, however, that plaintiff perform overtime, which she recorded. Plaintiff alleges that Levin complained about her recording the overtime, and again requested that she perform the work without recording overtime. When plaintiff continued to record overtime, she was terminated by the defendants.

Defendants move to dismiss on the grounds that (1) plaintiff has failed to satisfy the pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, because the complaint is not supported by enough facts to state a claim to relief that is plausible on its face; and (2) plaintiff's complaint, when taken as true, fails to state a FLSA retaliation claim because plaintiff does not allege that she engaged in statutorily protected activity.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

2

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).

**Discussion**

The Court finds that plaintiff's complaint pleads adequate facts to meet the Twombly standard. It turns to the issue whether the complaint states a retaliation claim under the FLSA.

Under the FLSA, it is unlawful to discharge or discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding . . . , or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). To make a prima facie case of retaliation, a plaintiff must establish that (1) she participated in statutorily protected activity, (2) the employer took an adverse employment action against her, and (3) there was a causal connection between the two. Grey v. City of Oak Grove, Mo., 396 F.3d 1031, 1034-35 (8th Cir.2005).

As this Court has stated, "Traditionally, the Supreme Court and the circuit courts have noted that the FLSA should be broadly construed by 'look[ing] to its animating spirit.'" Bartis v. John Bommarito Oldsmobile-Cadillac, Inc., 626 F.Supp.2d 994, 998 (E.D. Mo. 2009) (quoted case omitted). "In enacting § 215(a)(3), Congress 'sought to foster a climate in which compliance with the substantive provisions of the Act would be enhanced,' by recognizing that 'fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.'" Id. (quoting Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960)). See also Saffels v. Rice, 40 F.3d 1546, 1549 (8th Cir. 1995) ("The purpose of § 15(a)(3) is not

3

merely to vindicate the rights of complaining parties, but to foster an environment in which employees are unfettered in their decision to voice grievances without fear of economic retaliation, or reprisal.") (internal punctuation and citation omitted).

On its face, the FLSA protects from retaliatory conduct any person who files a complaint, institutes a proceeding, testifies in any such proceeding, or serves on an industry committee. Defendants argue that under the plain language of the statute, plaintiff's action in complaining to her Levin is not protected conduct, citing Bartis, 626 F.Supp.2d at 998. Plaintiff responds that the majority of circuit courts of appeal have held that informal complaints are statutorily protected conduct, and this Court has erred in previously holding that informal complaints are not protected under the statute.

Plaintiff argues that her position is supported by the Eighth Circuit's decision in Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179 (8th Cir. 1975), because the plaintiff in Brennan did not file a formal complaint or otherwise engage in protected activity as listed in the statute, but merely refusing to endorse her back-wages check. Plaintiff observes that the Eighth Circuit stated the statute "prohibits discrimination against an employee who asserts or threatens to assert his or her FLSA rights." Brennan, 513 F.2d at 180. Plaintiff also argues that her position is supported by Grey, in which the Eighth Circuit stated the plaintiff had engaged in protected activity under the FLSA although there was no indication he filed a formal complaint.

This Court has previously observed that a split exists among the circuit courts as to whether the FLSA anti-retaliation provision may be construed in the manner urged by plaintiff. The majority

of circuits hold that informal workplace complaints are protected from retaliation.[1] The minority hold that informal workplace complaints are not covered.[2]

The Eighth Circuit has not been called on to squarely address the issue whether informal workplace complaints are protected from retaliation, but its decisions offer some guidance. Interpretation of that guidance is critical to resolution of the instant motion. In Brennan, the Secretary of Labor sued an employer after it withheld overtime compensation from its employees. The employer agreed to pay the overtime after a Department of Labor investigation found violations of the FLSA, but then asked the employees to endorse their back-wage checks over to the employer. Plaintiff was discharged after she refused to endorse her check. Id. at 180.

---

[1] See Lambert v. Ackerley, 180 F.3d 997, 1004 (9th Cir. 1999) (en banc) ("in order for the anti-retaliation provision to ensure that fear of economic retaliation not operate to induce aggrieved employees quietly to accept substandard conditions, it must protect employees who complain about violations to their employers") (internal citation and punctuation omitted), cert. denied, 528 U.S. 1116 (2000); Valerio v. Putnam Assoc. Inc., 173 F.3d 35, 41 (1st Cir. 1999) (the retaliation provision of the FLSA extends to an employee who has lodged a written internal complaint); E.E.O.C. v. Romeo Cmty. Sch., 976 F.2d 985, 989 (6th Cir. 1992) ("it is the assertion of statutory rights which is the triggering factor, not the filing of a formal complaint"); Crowley v. Pace Suburban Bus Div. of Reg'l Transp. Auth., 938 F.2d 797, 798 n.3 (7th Cir. 1991) (Section "215(a)(3) has been construed broadly to include retaliation by the employer for an employee's assertion of rights protected under the FLSA."); E.E.O.C. v. White & Son Enters., 881 F.2d 1006, 1011 (11th Cir. 1989) (unofficial complaints expressed by plaintiff to her employer constitute an assertion of rights protected under the statute); Brock v. Richardson, 812 F.2d 121, 124 (3d Cir. 1987) (the FLSA retaliation provision protects employees' activities that are "considered necessary to the effective assertion of employees' rights"); Love v. RE/MAX of America, Inc., 738 F.2d 383, 387 (10th Cir. 1984) ("The Act also applies to the unofficial assertion of rights through complaints at work.").

[2] See Ball v. Memphis Bar-B-Q Co., Inc., 228 F.3d 360, 364 (4th Cir. 2000) (it would "not be faithful to the language" of the statute to interpret the FLSA to apply to "intracompany complaints or to potential testimony in a future-but-not-yet-filed court proceeding."); Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993) (oral complaints to a supervisor are not protected against retaliation under the FLSA), cert. denied, 511 U.S. 1052 (1994).

Brennan did not specifically address whether the plaintiff engaged in statutorily protected activity. The focus in Brennan was on the reasons behind the employer's action in discharging the plaintiff. The employer argued that it did not retaliate but rather discharged the plaintiff because of her unsatisfactory job performance and emotional outburst upon being asked to endorse her back-wage check. The Eighth Circuit stated that a discharge is discriminatory under § 215(a)(3) when an employee's assertion of her statutory rights is the "immediate cause or motivating factor" behind the discharge. The Court found that plaintiff's "discharge was a direct result of her insistence upon receiving retroactive benefits required under the [FLSA]." Id. at 181. It concluded that "[plaintiff's] protest of what she believed to be unlawful conduct on [the employer's part] was an act protected from reprisals and rendered her firing discriminatory regardless of the existence of other grounds for her discharge." Id. at 181.

This Court, Judge Perry presiding, distinguished Brennan in a FLSA case factually similar to the present case, in which an employee informally complained to his supervisor about the failure to pay overtime. The Court observed that in Brennan "there was already an agreement in place between the Department of Labor and the employer regarding the payment of back wages. This agreement was necessarily a 'proceeding' covered by § 215(a)(3)." Bartis, 626 F.Supp.2d at 999. The Court concluded, "The FLSA protected the employee [in Brennan] seeking to vindicate her FLSA rights where the formal proceeding was already in place when the employee complained and was terminated," id., but held that the plaintiff in the case before it was not protected by the FLSA because he only made an informal complaint and no formal proceeding was in place. The Court cited the plain language of the statute, which protects anyone who "files" a complaint, "institutes" a proceeding, "testifies" in any such proceeding, or "serves" on an industry committee, id. at 998,

6

and on Eighth Circuit precedent which requires that an employee engage in protected activity in order to be shielded from retaliation under § 215(a)(3). Id. at 999 (citing Grey, 396 F.3d at 1034-35).

Other district courts in the Eighth Circuit have also held that informal complaints are not covered by the FLSA's anti-retaliation provision, although not all have cited Brennan. See Jackson v. Advantage Communications, Inc., No. 08-CV-00353 SWW, 2009 WL 2508210, at *6 & n.5 (E.D. Ark. Aug. 14, 2009) (employee did not state a FLSA retaliation claim where employee alleged he was terminated because he requested overtime pay; distinguishing Brennan); Case v. Gabriele Crane Rental, Inc., No. 08-CV-4197 SOW (W.D. Mo. Dec. 15, 2008) (granting motion to dismiss FLSA retaliation claim on the basis plaintiff had not engaged in statutorily protected activity where plaintiff alleged he was terminated because he demanded to be paid overtime; not citing Brennan); Highsmith v. First Step, Inc., No. 07-CV-00109 WRW, 2008 WL 2783473, at *2 (E.D. Ark. July 16, 2008) (plaintiff's FLSA retaliation claim failed where she complained to her supervisor but did not "file a complaint, institute a proceeding, or testify in a proceeding" as required to engage in statutorily protected conduct under the FLSA; not citing Brennan); Brown v. L & P Industries, LLC, No. 04-CV-379 JLH, 2005 WL 3503637, at *14 (E.D. Ark. Dec. 21, 2005) (making internal complaints and threatening to call the Department of Labor do not qualify as protected activities under § 215(a)(3); not citing Brennan); see also Gries v. AKAL Security, Inc., 2007 WL 2710034, at *27 (S.D. Iowa Aug. 27, 2007) (employee's oral complaint to co-worker was not protected activity under the FLSA, but fact issues existed on summary judgment as to whether employee engaged in protected activity when he sent grievances and letters to the employer's human resources officer; not citing Brennan). Not all district court decisions in the Eighth Circuit are uniform on this

7

issue, however. See Wolfe v. Clear Title, LLC, 654 F.Supp.2d 929, 934 (E.D. Ark. 2009) (describing Brennan as "broadly interpret[ing]" § 215(a)(3); holding the FLSA's anti-retaliation provision encompassed plaintiff's "demand for overtime," which appears to have been oral).[3]

The Grey decision on which plaintiff relies also appears to be distinguishable from the instant case. In Grey, the plaintiff, a police officer, requested FLSA overtime compensation from the city manager, which was denied. Plaintiff then sought legal advice and his attorney wrote a letter

---

[3]In Wolfe, the Eastern District of Arkansas district court discussed the protected activity issue as follows:

> The prohibition on retaliation is stated in 29 U.S.C. § 215(a)(3), which makes it unlawful to discharge or in any other manner discriminate against any employee because the employee has filed a complaint or instituted or caused to be instituted a proceeding under the FLSA. The majority of circuits have held that this provision protects an employee who makes an internal complaint to the employer. Kasten v. Saint-Gobain Performance Plastics Corp., 570 F.3d 834, 838 (7th Cir. 2009). The Eighth Circuit has interpreted the statute to prohibit discrimination against an employee who asserts or threatens to assert FLSA rights. Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179, 183 (8th Cir. 1975). That interpretation has been criticized as contrary to the plain language of subsection 215(a)(3). See Kasten, 570 F.3d at 840 (holding that the phrase "file any complaint" requires a plaintiff employee to submit some sort of writing). Needless to say, the holding of the Eighth Circuit in Brennan v. Maxey's Yamaha, Inc., is binding on this Court. Here, the conduct of which Wolfe complains falls within the prohibition of subsection 215(a)(3) as broadly interpreted by the Eighth Circuit.

Wolfe, 654 F.Supp.2d at 934. This is a significantly different interpretation of Brennan than was applied by this Court and by Judge Wright of the Eastern District of Arkansas in Jackson v. Advantage Communications.

Interestingly, four circuit courts of appeal have cited Brennan as holding that an employee's informal complaints are sufficient to invoke the anti-retaliation provision of the FLSA. See Casey v. Livingston Parish Communications District, No. 07-30990, 2009 WL 577756 (5th Cir. Mar. 6, 2009) (unpublished per curiam); Lambert v. Ackerley, 180 F.3d 997, 1002-03 (9th Cir. 1999); Valerio v. Putnam Associates Inc., 173 F.3d 35, 41 (1st Cir. 1999); Love v. Re/Max, 738 F.2d 383, 387 (10th Cir. 1984).

8

to the city about overtime compensation. Subsequently, plaintiff and the city settled the claim and the city paid plaintiff both overtime and attorney's fees. 396 F.3d at 1032. There was no issue on appeal concerning whether plaintiff engaged in protected activity. The Eighth Circuit assumed for purposes of its opinion that plaintiff established a prima facie case of FLSA retaliation, and stated in dicta that plaintiff's overtime compensation claim was protected activity. Id. at 1034. This aspect of Grey is not entirely clear, but the decision can be interpreted as holding that a demand letter for FLSA overtime compensation sent by an employee's attorney constitutes filing a complaint within the meaning of § 215(a)(3).

Plaintiff's position that her oral complaint is protected activity under the FLSA's anti-retaliation provision is supported by the majority of the circuit courts of appeal which have addressed the issue, and arguably draws some support from language in the Eighth Circuit's Brennan and Grey decisions. Where the Eighth Circuit has not had the opportunity to address this issue directly, the Court will follow its earlier decision in Bartis and hold that plaintiff's oral complaint to her employer concerning the failure to pay overtime is not protected activity under § 215(a)(3) of the FLSA. This is because the statute's plain language requires a plaintiff to file a complaint, institute a proceeding, testify in any such proceeding, or serve on an industry committee, and plaintiff did none of those things. Further, there is no formal proceeding in place, nor did plaintiff make a written demand or complaint of any sort, to bring herself within the circumstances present in the Brennan and Grey decisions.

**Conclusion**

For the foregoing reasons, the Court finds that plaintiff's complaint fails to state a claim of retaliation under the FLSA because she does not allege she engaged in statutorily protected activity. Defendants' motion to dismiss should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss is **GRANTED**. [Doc. 8]

An order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of February, 2010.